# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

SARAH PYRON                                                                    PLAINTIFF

vs.                                                          Case No: 4:09-CV-00057-WAP-DAS

PICCADILLY RESTAURANTS, LLC                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on defendant's Motion for Summary Judgment (#77). The Court, having considered the parties' submissions and relevant authorities, finds that the motion is well-taken and should be granted.

### I. Facts

On December 8, 2008 shortly after eleven in the morning, plaintiff Sara Pyron and her friend Betty Frazier entered the ladies' restroom at Piccadilly Cafeteria in Greenville, Mississippi. Ms. Pyron followed Ms. Frazier into the bathroom, and while Ms. Frazier was able to enter one of the bathroom stalls, Ms. Pyron slipped on the floor and sustained injuries.

Both women testified in depositions that the floor was slick, and both speculated that the floor had been mopped with a greasy mop. Ms. Pyron stated: "I think they mopped it after they had mopped the kitchen. I don't think they got clean water to mop the bathroom." Ms. Frazier stated: "to my opinion, it was like somebody had mopped with a, you know, grease mop or something." However, Ms. Frazier goes on to state, "I can't say that's what it was, but it was slick." Additionally, in her deposition, when Ms. Frazier was asked if she knew what caused the

floor to be slick, she said, "No, I don't. It was kind of dim in there, and I could not say if it was wet or just slick." EMT Kevin Parkinson, who responded to Ms. Pyron's fall, also stated that he slipped on the floor and noticed that it was "wet and fairly slippery."

Piccadilly Manager Leamon Foxworth testified by affidavit that he checked the ladies' restroom on the morning of December 8, 2007 around 10:00 a.m. as he did every morning as part of his standard duties, at which time the floor was clean and dry. It is also his policy to leave a "wet floor" sign in the middle of the bathroom in case a customer drippS water on the floor while washing her hands. Nevertheless, on May 11, 2009, Ms. Pyron filed suit against Picadilly Restaurants, Inc. On June 10, 2009, Picadilly removed the action to this court and has now moved for summary judgment, arguing there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for

trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.*

## B. Premises Liability

Under Mississippi Law, there are three theories a plaintiff can use to support a premises liability claim: (1) that defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant itself did not cause, but defendant failed to adequately warn plaintiff of the danger she faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, i.e., constructive knowledge of the condition should be imputed to defendant. *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 980 (Miss. 1999) (citing *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)).

In response to the present motion, the plaintiff makes two claims: First, that Piccadilly was negligent and caused the floor to be wet; second, that based upon the passage of time, Piccadilly had constructive knowledge of the dangerous condition. The court will address each of these claims in turn.

### Negligence

In order to prevail on a negligence claim, a plaintiff must prove by a preponderance of the

evidence each element of negligence: duty, breach of duty, proximate causation, and injury. *Lovett v. Bradford*, 676 So. 2d 893, 896 (Miss. 1996) (citing *Palmer v. Anderson Infirmary Benev. Ass'n*, 656 So. 2d 790, 794 (Miss. 1995)). Mississippi law imposes upon a business owner or operator a duty to the invitee to keep its premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee. *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss.1992)[1]; *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss.1988). "[N]egligence may be established by circumstantial evidence in the absence of testimony by eyewitnesses provided the circumstances are such as to take the case out of the realm of conjecture and place it within the field of legitimate inference." *K-Mart Corp.*, 735 So. 2d at 981 (citing *Downs*, 656 So. 2d at 90). No proof of the operator's knowledge of the condition is necessary where the condition is created by his negligence or the negligence of someone under his authority. *Douglas v. Great Atlantic & Pac. Tea Co.*, 405 So. 2d 107, 110 (Miss.1981).

Looking first to plaintiff's theory that an employee who may have mopped with a "greasy mop" caused the slick floor the court finds the Mississippi Supreme Court's decisions in *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986) and *Rudd v. Montgomery Elevator Co.*, 618 So. 2d 68 (Miss. 1993) instructive. In *Waller,* the plaintiff slipped in a puddle of pink liquid on the grocery store floor in an aisle that was inspected by the store manager two hours beforehand. *Waller,* 492 So. 2d at 285. The supreme court of affirmed the trial court's judgment notwithstanding the verdict, holding that the only evidence offered to suggest that the liquid was

---

[1] Because this court has original jurisdiction based on diversity of citizenship of the parties, Mississippi law controls substantive issues. Erie R. Co. v. Tompkins, 304 U.S. 64, 78-80,(1934); Huss v. Gayden, 465 F.3d 201, 205-06 (5th Cir. 2006).

traceable to any store employee was the testimony of the plaintiff himself that the area around the spill "looked like [the employees] might have been cleaning up or something another and left the stuff there in the floor." *Id.* The trial court sustained objections to this testimony as speculative and the supreme court affirmed, noting that speculation did not meet the burden of proof required to show control or that the defendant caused the dangerous situation. *Id.* at 286.

More recently in *Rudd*, an elevator repairman was called to examine an elevator stuck between floors and found no problems. Later that same day, the plaintiff was on the elevator when it dropped and was again stuck between floors. Plaintiff's expert testified that the repairman failed to detect a misalignment at the fourth floor level. The supreme court rejected that notion as speculative and affirmed judgment notwithstanding the verdict, holding that:

> To make a jury issue on liability in this case, it was incumbent upon [the plaintiff] to establish by competent evidence that [the defendant] was somehow negligent in its maintenance and repair of the elevator and that this negligence caused it to malfunction that day.

*Rudd*, 618 So. 2d at 72. The court concluded:

> It might very well be true that [the repairman] somehow missed seeing a misalignment of the roller on November 11, just as it might be true that [the defendant] could have rendered better maintenance and repair service which would have detected and prevented whatever it was that caused the malfunction on November 11. *It was incumbent upon Rudd, however, to offer something beyond pure speculation that there was negligence of this nature and that it in fact caused the malfunction*. [The expert's] testimony with all reasonable inferences based thereon, carries us no further than simple speculation.

*Id.* at 73 (emphasis added).

In the present case, the plaintiff has offered nothing beyond speculation that the floor was mopped with a "greasy mop" to show why the floor was slick. Such speculation is insufficient to defeat the defendant's motion for summary judgment.

## Constructive Knowledge

The plaintiff's claim that Piccadilly had constructive knowledge of a dangerous condition in the women's restroom is also insufficient. Piccadilly has the duty to "eradicate the known dangerous situation within a reasonable time or exercise reasonable diligence in warning those who were likely to be injured because of the danger." *Caruso v. Picayune Pizza Hut, Inc.*, 598 So. 2d 770, 773 (Miss. 1992) (quoting *J.C. Penney Co. v. Sumrall*, 318 So. 2d 829, 832 (Miss. 1975)).

In *Criss v. Libscomb Oil. Co.,* the plaintiff slipped and fell while exiting a convenience store bathroom. *Criss v. Libscomb Oil. Co.* 990 So. 2d 771 (Miss. Ct. App. 2008). The facts in that case are similar; there the plaintiff entered the restroom thirty minutes after the convenience store clerk last inspected the bathroom. The court noted that "[the plaintiff] has failed to provide any evidence that [the defendant] knew that an alleged dangerous condition existed in the ladies' restroom, that the defendant caused the alleged dangerous condition, or that the alleged dangerous condition had existed for a sufficient period of time to establish constructive knowledge." *Criss,* 990 So. 2d at 773. The court granted summary judgment because the plaintiff failed to provide any evidence that any employee of the defendant caused the floor to be slick or that an employee knew about the leaky faucet. *Id*. The court held that "[t]he evidence produced in this case is not sufficient to take it out of the realm of conjecture and place it within the field of legitimate inference." *Id.*

In the present case, the plaintiff has failed to present any evidence that Piccadilly or any of its employees knew of that the restroom floor was slick or wet in any way. In fact, Leamon Foxworth testified that he inspected the restroom in which the plaintiff slipped roughly one hour

before her fall and that the floor was clean and dry at that time. Plaintiff does not dispute the statement of Leamon Foxworth, nor does she offer any evidence challenging the validity of his affidavit. The hour from the inspection to the time Ms. Pyron fell is not sufficient to establish that Piccadilly had constructive knowledge of any liquid on the floor. *See, e.g., Hardy*, 669 So. 2d at 39 (finding a check four to five hours prior to incident insufficient to show constructive knowledge); *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1285 (Miss. 1992); *Waller*, 492 So. 2d at 286. Accordingly, Plaintiff's claim as to constructive knowledge fails as well.

A judgment in accordance with this opinion will issue this day.

This the 2nd day of July, 2010.

/s/David A. Sanders
UNITED STATES MAGISTRATE JUDGE